UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LOUIS RUBIN,

                         Plaintiff,

          v.

UNITED STATES OF AMERICA,

                         Defendant.

**MEMORANDUM AND ORDER**

22-cv-393 (LDH) (SB)

---

LASHANN DEARCY HALL, United States District Judge:

Louis Rubin ("Plaintiff") brings the instant action against the United States of America ("Defendant"), asserting negligence claims pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, 2401(b), 2671 *et. seq.* Defendant moves pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment to dismiss Plaintiff's second amended complaint in its entirety.

### UNDISPUTED FACTS[1]

This suit arises from a motor vehicle accident between Plaintiff and a federal employee operating a government-owned vehicle. (Am. Compl. ¶¶ 16–29, ECF No. 12.) On May 4, 2021, at the intersection of Avenue K and East 36th Street in Brooklyn, New York, Plaintiff was operating a motor scooter heading eastbound on Avenue K when he collided with a Ford Explorer driven by John Valdes, an Assistant Director for Law Enforcement at the Federal Air Marshals Service ("FAMS"), a subdivision of the Transportation Security Administration ("TSA"). (Def.'s Reply Rule 56.1 Stmt. ("Def.'s Reply 56.1") ¶¶ 3–4, 7–8, 14, 17, ECF No. 26.) There are no traffic lights at this intersection. (*Id.* ¶ 11.)

---

[1] The following facts are undisputed unless otherwise noted. Further, facts that were not contradicted by citations to admissible evidence are deemed admitted. *See Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party . . . fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted.").

1

A video of the collision shows the Ford Explorer traveling westbound on Avenue K toward the intersection at East 36th Street.[2] (*Id.* ¶¶ 17–20; Decl. David Cooper ("Cooper Decl."), Ex. C ("Accident Video") at 0:31–0:38, ECF No. 22-5.) At the same time, a white SUV was traveling in the right eastbound lane ahead of a white van that was traveling in the left eastbound lane. (*Id.*) The SUV drove through the intersection and the van came to a complete stop. (*Id.*) Once the SUV cleared the intersection, the Ford Explorer proceeded to turn left onto East 36th Street. (*Id.*) Plaintiff's motor scooter was traveling in the right eastbound lane of Avenue K toward East 36th Street at a speed between 12 to 14 miles per hour. (Def.'s Reply 56.1 ¶ 25.) As Plaintiff approached the intersection, he observed that the van was stopped, but the van obscured his view of the Ford Explorer. (*Id.* ¶ 43.) Plaintiff assumed that he had the right of way after observing the white SUV clear the intersection. (*Id.* ¶ 33–35, 43.) The scooter slowed to a speed between 10 to 12 miles per hour as it approached the intersection, but it nonetheless collided with the rear of the Ford Explorer as it was making its turn. (*Id.* ¶ 29; Accident Video at 0:34–0:38.) Valdes saw Plaintiff for the first time after the impact. (Def.'s Reply 56.1 ¶ 22.) Plaintiff saw the Ford Explorer for the first time the moment just before the impact, when it was too late to avoid collision. (*Id.* ¶¶ 42, 45.)

## STANDARD OF REVIEW

Summary judgment must be granted when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

---

[2] When the accuracy of video evidence is undisputed, the Court may consider this evidence in evaluating whether there is a genuine dispute of material facts. *See, e.g. Scott v. Harris*, 550 U.S. 372, 379–80 (2007); *Akinnagbe v. City of New York*, 128 F. Supp. 3d 539, 544 (E.D.N.Y. 2015).

The movants bear the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004).

Where the non-movant bears the burden of proof at trial, the movant's initial burden at summary judgment can be met by pointing to a lack of evidence supporting the non-movant's claim. *See Celotex Corp.*, 477 U.S. at 325. "But where the moving party has the burden—the plaintiff on a claim for relief or the defendant on an affirmative defense—his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (emphasis omitted) (quoting W. Schwarzer, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487–88 (1984)); *see also Leone v. Owsley*, 810 F.3d 1149, 1153–54 (10th Cir. 2015) (collecting cases).

Once the movant meets their initial burden, the non-moving party may defeat summary judgment only by adducing evidence of specific facts that raise a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 250; *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002). The Court is to believe the evidence of the non-movant and draw all justifiable inferences in their favor, *Anderson*, 477 U.S. at 255, but the non-movant must still do more than merely assert conclusions that are unsupported by arguments or facts. *Bellsouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996).

Finally, "[i]n considering motions for summary judgment, a court can consider only admissible evidence." *Glowczenski v. Taser Int'l, Inc.*, 928 F. Supp. 2d 564, 569 (E.D.N.Y. 2013), *aff'd in part, dismissed in part*, 594 F. App'x 723 (2d Cir. 2014) (citing *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997)). "The rules governing the admissibility of evidence on a

3

summary judgment motion are the same as those governing admissibility at trial, and the district court has broad discretion in choosing whether to admit evidence." *Id.*

## DISCUSSION

Under the FTCA, plaintiffs can bring claims against the United States for injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346. In the instant action, Plaintiff's negligence claim is governed by New York tort law. *Liranzo v. United States*, 690 F.3d 78, 86 (2d Cir. 2012). To state a claim for negligence under New York law, Plaintiff must demonstrate "(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof." *Borley v. United States*, 22 F.4th 75, 78 (2d Cir. 2021) (quoting *Akins v. Glens Falls City Sch. Dist.*, 53 N.Y.2d 325, 333 (1981)). In negligence actions arising out of automobile accidents, defendants moving for summary judgment must establish, prima facie, that they were not negligent in the operation of their vehicle or that Plaintiff's own negligence was the sole proximate cause of the accident. *See, e.g.*, *Woods v. Burgos*, 220 A.D.3d 688, 689 (N.Y. App. Div. 2023) ("Defendants moving for summary judgment in a negligence action arising out of an automobile accident have the burden of establishing, prima facie . . . that the alleged negligence of another person was the sole proximate cause of the accident."); *Arciszewski v. T-D Mgmt. Corp.*, 123 A.D.3d 856, 857 (N.Y. App. Div. 2014) (reversing grant of summary judgment where "defendants failed to establish, prima facie, that the defendant driver was not negligent in the operation of his vehicle"); *See Woods*, 220 A.D.3d at 689; *see also Nohs v. Diraimondo*, 140 A.D.3d 1132, 1133 (N.Y. App. Div. 2016) ("[S]ince there can be more than

one proximate cause of an accident, the proponent of a summary judgment motion has the burden of establishing freedom from comparative fault as a matter of law."). Of particular relevance here, violations of New York Vehicle and Traffic Law ("VTL") constitute negligence per se. *Vainer v. DiSalvo*, 79 A.D.3d 1023, 1024 (N.Y. App. Div. 2010). Defendant argues that Plaintiff cannot make out the elements of a claim for negligence because Valdes was not negligent in his operation of the vehicle, given that he had the right-of-way, and because Plaintiff was the sole proximate cause of the collision. (*See* Def.'s Mot. Summ. J ("Def.'s Mot.") at 4–8, ECF No. 29-1.). The Court agrees.

Failure to yield to a driver with the right-of-way is a violation of the VLT and constitutes negligence as a matter of law. *See Sanchez v. Ageless Chimney, Inc.*, 219 A.D.3d 767, 768 (N.Y. App. Div. 2023). It is plain to the Court that Valdes had the right-of-way at the time of the collision because the video clearly shows that the Ford Explorer was already fully in the intersection and had nearly completed his turn by the time Plaintiff approached. (*See* Accident Video at 0:38–0:39.) *See Nohs*, 140 A.D.3d at 1133 (holding that the vehicle that "was already in the intersection and had nearly completed making a left-hand turn" had the right-of-way). That Plaintiff did not see the Ford Explorer until it was too late to avoid collision is of no consequence. That is so because Plaintiff's failure to yield to Valdes upon entering the intersection nonetheless constitutes negligence as a matter of law. *See Kerolle v. Nicholson*, 172 A.D.3d 1187, 1188 (N.Y. App. Div. 2019) (holding that defendant was liable for entering the intersection without yielding the right-of-way to the plaintiff, even where defendant had observed plaintiff's vehicle "but was unable to avoid the accident despite applying pressure to the vehicle's brakes"). Plaintiff's own negligence was a proximate cause of the collision. That conclusion, however, does not end the Court's inquiry.

5

A driver with the right-of-way still has "a duty 'to keep a proper lookout and see what can be seen through the reasonable use of his or her senses to avoid colliding with other vehicles.'" *Dooley v. United States*, 83 F.4th 156, 163 (2d Cir. 2023) (quoting *Carias v. Grove*, 186 A.D.3d 1484 (N.Y. App. Div. 2020)). Therefore, even if the undisputed evidence establishes that a driver had the right-of-way, summary judgment is not warranted if there are questions of fact as to whether that driver took reasonable care to avoid an accident. *See Thomas v. O'Brien*, No. 08-CV-3250, 2010 WL 785999, at *4 (E.D.N.Y. Feb. 26, 2010). Plaintiff argues that Valdes' decision to turn into the intersection constituted negligence because Valdes understood that "the accident location [was] a heavily travelled school route," Valdes admitted that could not see beyond the white van that was stopped at the intersection and "was not looking in the area of the cars parked on the eastern side of Avenue K" where Plaintiff came from, and Valdes was only stopped at the intersection for under four seconds, which raises a question of fact as to whether he effectively assessed whether it was safe to turn. (Pl.'s Opp. to Mot. Summ. J. ("Pl.'s Opp." at 8-9, ECF No. 28.) However, these facts go only to whether Valdes failed to take reasonable care when entering the intersection. But the collision did not occur as Valdes entered the intersection, it occurred once he was already there. And, none of the facts raised by Plaintiff demonstrate a genuine issue of material fact as to whether Valdes failed to use reasonable care to avoid a collision with Plaintiff while he was already in the intersection. Because Valdes already had the right-of-way by the time Plaintiff entered the intersection, whether he took reasonable care when first entering the intersection is irrelevant.

On the other hand, the undisputed evidence establishes that Valdes was not at fault for the collision because he had a reasonable expectation that other drivers would yield when he had the right-of-way, and he did not have enough time to avoid a collision with Plaintiff. Motorists with

the right-of-way are "entitled to assume that other drivers will obey the traffic laws requiring them to yield." *Woods*, 220 A.D.3d at 689. Although right-of-way alone is not sufficient to establish that a driver was not at fault for a collision, New York courts have repeatedly held that "a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision." *Id*. (citing *Yelder v. Walters*, 64 A.D.3d 762, 764 (N.Y. App. Div. 2009)); *see also Higgins v. Stelmach*, 208 A.D.3d 1165, 1166 (N.Y. App. Div. 2022). Video footage of the accident shows that Valdes had nearly completed the left turn when Plaintiff entered the intersection and collided with the rear of Valdes' vehicle. (*See* Accident Video at 0:38–0:39.) The fact that Valdes did not see Plaintiff until after the collision further evinces that Valdes could not have had enough time to avoid colliding with Plaintiff. (*See* Def.'s Reply 56.1 ¶ 22.) As such, the undisputed evidence establishes that Defendant was not comparatively at fault for the accident.

Because the undisputed facts establish that Plaintiff's negligence was the sole proximate cause of the accident, and Defendant cannot be held liable for comparative negligence because Valdes had the right-of-way and did not have a reasonable amount of time to avoid collision, Defendant's motion for summary judgment must be granted and Plaintiff's negligence claims must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED and Plaintiffs' complaint is DISMISSED.

SO ORDERED.

Dated: Brooklyn, New York  
      September 30, 2024

/s/LDH  
LASHANN DEARCY HALL  
United States District Judge